GLD-290                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2870
_____

RONALD JOSEPH PAYNE,
Appellant

v.

SUPERINTENDENT PITKINS; DR. SALAME; DR. ROBINSON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00128)
Magistrate Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed: October 13, 2011)
_____

OPINION
_____

PER CURIAM.

Ronald Joseph Payne, an inmate in Pennsylvania, filed this suit under 42 U.S.C. §

1983 seeking damages based on a claim that, while working in the kitchen at SCI-Laurel

Highlands, he broke his arm in a slip-and-fall accident and did not receive proper

treatment until five months later. The named defendants (Superintendent Pitkins, and Drs. Robinson and Salameh[1]) moved to dismiss, arguing, <u>inter</u> <u>alia</u>, that Payne failed to properly exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). In particular, defendants pointed out that Payne was injured on May 17, 2008, but he did not file a grievance until September 8, 2009, and while Payne had surgery on his arm on October 17, 2008, his grievance was filed almost a year after the surgery. The Department of Corrections ("DOC") rejected Payne's grievance as untimely, explaining that "[t]he issue … describe[d] concerning a broken arm happened in 2008. It is well past the 15 day time frame for filing a grievance." Payne argued in response to the motions to dismiss that he had been denied his property for sixty days and denied access to the commissary for two weeks, suggesting that he was prevented from commencing the grievance process in a timely manner.

The Magistrate Judge recommended that the motions to dismiss be granted, explaining that even if Payne's obligation to file a grievance was not triggered until after his surgery, the grievance was submitted nearly eleven months after expiration of the fifteen-day deadline. In addition, Payne did not appeal the rejection of his grievance, and the Magistrate Judge concluded Payne's procedural default in the administrative review process bars his claim from being heard in federal court. Finally, the Magistrate Judge concluded that equitable tolling would not render Payne's grievance timely filed or excuse his failure to appeal.

After issuance of the Report and Recommendation, to which Payne filed no

---

[1] Dr. Salameh is misidentified in the caption as "Dr. Salame."

objections, the parties consented in writing to the jurisdiction of the Magistrate Judge, who thereafter adopted the Report and Recommendation as the opinion of the court and dismissed the complaint. Payne timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a prisoner civil rights complaint for failure to exhaust administrative remedies. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003). Because Payne is proceeding in forma pauperis, we must dismiss his appeal if, inter alia, we determine that the appeal is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

After a review of the record, we discern no error in the Magistrate Judge's analysis. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that "the PLRA exhaustion requirement requires *proper* exhaustion." Id. at 93 (emphasis added); see Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004) (explaining that the PLRA includes a procedural default component and that the determination whether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures).

The record here is undisputed that Payne filed a grievance regarding his broken arm and the alleged delay in treatment on September 8, 2009. The DOC rejected the grievance as untimely filed – a determination that was undoubtedly correct regardless of whether the fifteen-day period for filing is measured from the date of Payne's injury or

3

the date of his subsequent surgery. Payne did not appeal the denial of his grievance. His argument for tolling or extending the time to file a grievance based on a lack of access to materials or a commissary for short periods of time cannot, as the Magistrate Judge fully explained, remedy the gross untimeliness of his grievance. Even under a most favorable reading of the record, Payne filed his grievance several months too late.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. Consequently, an "untimely or otherwise procedurally defective administrative grievance or appeal" is insufficient to satisfy the PLRA's exhaustion requirement. Id. at 83; see Spruill, 372 F.3d at 230. Applying these principles, the Magistrate Judge correctly held that Payne failed to properly exhaust the claim that he raises in this suit, and, accordingly, properly dismissed the complaint.

For these reasons, we conclude that this appeal lacks any arguable legal merit, and we will dismiss it as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).